Tavi.or, Chief-Justice,
 

 delivered the opinion of the Court:
 

 The offence charged in the indictment is not a general riot, but a riot which consisted specifically in pulling down, removing, breaking, and destroying a dwelling house. So far it resembles the case of the Queen v. Soley and others, 2 Salk. 595 ; which was an information for a riot for taking from the hinges, the door of a certain house called the Guildhall of the town of Bewdly. In that case, the judgment was arrested, because it did not appear whose house it was ; and calling it a Guildhall did not make it so. In the case before us, the house is laid as the dwelling house of one Lucy Showell, and as in her possession. It appears from the case, that Lucy Showell was, at the time of the riot, the wife of a man who was then out of the state, but who has since returned, though he does not reside with his wife. Now in the case of burglary, it is a well settled rule, that if a person inhabit a dwelling house, as the wife, guest, servant, or part of the family of another, it is in law' the occupation of such other person, and must be so laid in the indictment. And this rule was strongly exemplified in Fane’s case, Kelyng, 43, where it w'as holden, that if the house of a feme, covert, who lives apart from her husband, be broken, though the husband had expressly refused to have any thing to do with the lease, and the landlord made the agreement with the wife alone, yet it must
 
 *535
 
 be laid to be the house of the husband. There is no ground whatever on which to infer that the separate property of this house was in the wife, or that in point of law she liad the. exclusive possession of it. For whatever might have been alleged in favor of such a position, had the husband left the state under circumstances indicating an intention of not returning, yet in fact he has returned, and the wife is consequently subject to the disabilities of coverture. As the riot laid in the indictment is not distinguishable from a burglary, so far as it respects the description of the property or possession of the house, and as, according to the case in Salkeld, the proof must establish the allegation, there must be a new trial.